16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA, Appellee,
v.
Albert Milton CROWDER, Appellant.
 No. 93-2847EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 14, 1993.
Filed: December 16, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Albert Milton Crowder appeals the 57-month sentence the district court imposed after Crowder pleaded guilty to a Travel Act violation. We affirm.
 
 
 2
 Crowder and several others were charged in a multicount indictment with illegal activities arising from a large conspiracy to sell and distribute cocaine base. Crowder pleaded guilty to traveling in interstate commerce to distribute cocaine hydrochloride and cocaine base, and carrying on this unlawful activity in violation of 18 U.S.C. Sec. 1952(a)(3). The presentence report (PSR) indicated Crowder, who was a courier, and his codefendants transported multikilogram quantities of cocaine base from California to Washington, Colorado, Iowa, and Missouri. The PSR assessed four criminal history points. Two of the points were assessed because Crowder was on probation when he committed the Travel Act violation. The PSR assigned a criminal history category of III and a total offense level of 23.
 
 
 3
 At sentencing, Crowder asked the district court to depart downward under U.S.S.G. Sec. 4A1.3, asserting criminal history category III significantly over-represented the seriousness of Crowder's criminal history. The court concluded all four criminal history points were properly counted. The court held that the criminal history category of III was accurate and that the total offense level of 23 was appropriate, resulting in a sentencing range of 57 to 71 months. The court sentenced Crowder at the low end of the sentencing range.
 
 
 4
 On appeal, Crowder argues the district court should have departed downward under U.S.S.G. Sec. 4A1.3. We recently held, however, that we lack jurisdiction to review a sentencing court's failure to depart under Sec. 4A1.3 when the court is aware of its authority to depart, but chooses not to exercise its authority. United States v. Hall, No. 93-2012, slip op. at 4 (8th Cir. Nov. 2, 1993). Crowder asserts the district court's failure to depart was based on the court's erroneous belief that it lacked authority to do so. We disagree. The record shows the district court recognized it had power to depart under Sec. 4A1.3, but did not believe a departure under Sec. 4A1.3 was appropriate in Crowder's case. Thus, we lack jurisdiction to review Crowder's claim that the district court should have departed under Sec. 4A1.3.
 
 
 5
 Accordingly, we affirm Crowder's sentence.